UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS M. CARPENTER,

                              Plaintiff,

                    v.                                    6:08-CV-776-DNH-DEP

AETNA LIFE INSURANCE COMPANY,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

JAMES C. HAYES, III, ESQ.
Attorney for Plaintiff
131 Maple Avenue Extension
Amsterdam, NY 12010

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendant                   MICHAEL H. BERNSTEIN, ESQ.
39th Floor
125 Broad Street
New York, NY 10004

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Thomas M. Carpenter ("plaintiff" or "Carpenter") brings this action

against Aetna Life Insurance Company ("defendant" or "Aetna") challenging the

termination of his long-term disability benefits under a group insurance policy administered

and insured by defendant, as a violation of the Employee Retirement Income and Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff opposes defendant's motion, and defendant replies.  The motion was taken on submission without oral argument.

## II. BACKGROUND

Plaintiff worked as a delivery driver for Sysco Corporation ("Sysco"), and was covered under Sysco's Long-Term Disability Plan (the "Plan").  Aetna administered and insured the Plan and was responsible for making disability determinations.  Upon filing a long-term disability ("LTD") benefits claim, plaintiff was entitled to LTD benefits once the Plan's 180-day elimination period (an individual must remain disabled during this period before benefits are paid) expired.  The Plan required plaintiff to file proof of claim within ninety days after expiration of the elimination period.  In addition, the Plan gave individuals no sooner than sixty days after proof of claim was due and up to three years from the time proof of claim was due to seek judicial relief.

The Plan allowed individuals to receive benefits under the "Own Occupation" and "Reasonable Occupation" standards.  Under the "Own Occupation" standard, the Plan paid benefits for twenty-four months if an individual was disabled from performing the necessary duties of their regular occupation.  However, after expiration of LTD benefits under the "Own Occupation" standard, the definition to qualify for LTD benefits changed to an individual's inability to perform any "Reasonable Occupation" suited to their education and work experience.

On March 26, 2002, Carpenter suffered a back injury at home, and applied for LTD benefits as allowed under the Plan's "Own Occupation" standard.  Upon expiration of

the 180-day elimination period, plaintiff was granted and received benefits from

September 22, 2002, through September 22, 2004.

By letter dated September 22, 2004, which was the day plaintiff's benefits

expired under the "Own Occupation" standard, defendant terminated Carpenter's LTD

benefits after determining he was not disabled under the "Reasonable Occupation"

standard as defined in the Plan.

On December 13, 2004, plaintiff appealed defendant's decision denying his LTD

benefits claim under the "Reasonable Occupation" standard.  By written notification dated

February 18, 2005, defendant affirmed its prior decision and issued a final denial letter

regarding plaintiff's appeal for continuing LTD benefits under the "Reasonable

Occupation" standard.

On June 26, 2008, plaintiff commenced the instant civil action by filing a

complaint for wrongful denial of LTD benefits under 29 U.S.C. § 1132(a)(1)(B).  The

original complaint alleged wrongful denial of benefits against plaintiff's employer, Sysco.

On October 14, 2008, by the parties' stipulation and order of the court, the action against

Sysco was dismissed with prejudice pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii).  An amended complaint was filed substituting Aetna as a defendant in this

action.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law."  FED. R.

C<small>IV</small>. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (per curiam).  All facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001).  The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990).

Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, however, the nonmoving party must "set out specific facts showing a genuine issue for trial."  F<small>ED</small>. R. C<small>IV</small>. P. 56(e)(2); Liberty Lobby Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.  At that point, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus Co., 475 U.S. at 586, 106 S. Ct. at 1356.  Indeed, to withstand a summary judgment motion, the nonmoving party must demonstrate that sufficient evidence exists upon which a reasonable jury could return a verdict in its favor.  Liberty Lobby Inc., 477 U.S. at 248, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

### B. Statute of Limitations

ERISA does not set a statute of limitations for 29 U.S.C. § 1132 ("§ 1132") actions, so a federal court must choose the applicable state's statute of limitations.  Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983).  New York's six-year statute of limitations, N.Y. C.P.L.R.

213 (McKinney 2007), applies to a breach of contract claim as it is most analogous to § 1132 actions.  Miles, 698 F.2d at 598.  However, New York allows parties to shorten the limitations period if it is prescribed by written agreement.  N.Y. C.P.L.R. 201 (McKinney 2007).  A plan's prescribed limitations period is enforceable, even though the limitations period began before the participant could file suit in federal court, because such a clause provides "clear notice" about when to file suit.  Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan, ___F.3d___, No. 08-1611-CV, 2009 WL 1964972, at *3 & n.5 (2d Cir. July 9, 2009) (per curiam).  In addition, a participant may not file an ERISA action in federal court until the participant exhausts the available administrative remedies.  Burke, 2009 WL 1964972, at *2 n.3.

In this case, defendant argues the Plan's three year statute of limitations provision governs, which makes plaintiff's § 1132 claim time-barred.  However, plaintiff argues New York's six-year statute of limitations for filing a breach of contract claim applies.  The Plan states a participant may "begin legal proceedings . . . 60 days after proof of claim has been given and up to three years from the time proof of claim is required, unless otherwise provided under federal law."  (See Carpenter Decl., Ex. 1 at 13, Doc. No. 23-3, at 15.)  The Plan's terms required plaintiff to submit proof of claim within ninety days after the end of the 180-day elimination period.  Accordingly, since Carpenter claimed to be disabled on March 26, 2002, the 180-day elimination period concluded on September 22, 2002.[1]  Moreover, the Plan required him to file a proof of claim ninety days after the end of

---

[1]  Aetna incorrectly stated the 180-day elimination period ended on September 26, 2002.

the elimination period, which made December 21, 2002,[2] as the deadline for filing a proof of claim. Therefore, under the Plan's language, the limitations period began to run on December 21, 2002, and plaintiff had until December 21, 2005 to bring a lawsuit against Aetna.

Carpenter could not have filed suit before February 18, 2005, the date his administrative appeal was exhausted. Thus, he had ten months in which to sue within the prescribed limitations period, until December 21, 2005. His suit was not filed until June 26, 2008, well after the end of the prescribed limitations period. Under the facts of this case it is unnecessary to decide whether the ten months remaining before the limitations period ended was equitably sufficient because plaintiff did not file suit until more than three years after exhaustion of his administrative appeal and more than thirty months after expiration of the limitations period. See Burke, 2009 WL 1964972, at *3 n.5 (leaving open the authority of a court to toll a contractually prescribed limitations period to provide plaintiff with a reasonable time in which to sue when required by the facts of a case).

## IV. CONCLUSION

Carpenter commenced this instant action over thirty months after the Plan's limitations period expired. Because the facts are not in dispute between the parties, the only question of law pertains to the interpretation of the Plan's prescribed limitations period. The Second Circuit Court of Appeals has upheld a plan's prescribed limitations period as written. Therefore, plaintiff's claim is time-barred and must be dismissed.

---

[2] Aetna's incorrect elimination period computation resulted in an incorrect deadline for filing a benefits claim.

Accordingly, it is

ORDERED that

1.  Defendant's motion to dismiss plaintiff's claim is GRANTED; and

2.  Plaintiff's complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   July 31, 2009
         Utica, New York.